2018V01132/JMA/fk
CRAIG CARPENITO
UNITED STATES ATTORNEY
BY: JORDAN M. ANGER
ASSISTANT UNITED STATES ATTORNEYS
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL: (973) 645-2740
Jordan.anger@usdoj.gov

**UNITED STATE DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Hon.** |
| **Plaintiff,** | : | **Civil Action No. 19-** |
| **v.** | : | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| **$119,950.00 IN UNITED STATES CURRENCY** | : | |
| | : | |
| **Defendant *in rem.*** | : | |

Plaintiff, United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey (by Jordan M. Anger, Assistant United States Attorney), brings this Verified Complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure.

## NATURE OF THE ACTION

1.    This is an action to forfeit to the United States of America a total of $119,950.00 in United States currency. The United States of America brings this action to enforce the provisions of 21 U.S.C. § 881(a)(6), which subjects to

forfeiture all monies that were furnished in exchange for a controlled substance and all proceeds traceable to such an exchange, in violation of 21 U.S.C. § 801, *et seq.* (narcotics control and enforcement laws).

## THE DEFENDANT IN REM

2.     The defendant property consists of a total of $119,950.00 in United States currency, which the United States Drug Enforcement Administration ("DEA") seized from luggage belonging to Simona S. Jagoo on or about June 15, 2018 (the "defendant property"), in Terminal C, TSA screening checkpoint C1, at Newark Liberty International Airport in Newark, New Jersey.  The defendant property is currently in the custody of the United States.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4.     Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the District of New Jersey, and pursuant to 28 U.S.C. § 1395(a), because the defendant property was seized and is located in the District of New Jersey.

5.     Upon the filing of this Verified Complaint for Forfeiture *In Rem*, the Plaintiff requests that the Clerk of the Court issue a Warrant of Arrest *In Rem* pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (the "Supplemental Rules"), which the plaintiff will execute upon the defendant

property pursuant to 28 U.S.C. § 1355(d) and Rule G(3)(c) of the Supplemental Rules.

## BASIS FOR FORFEITURE

6.    The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it constitutes money furnished or intended to be furnished in exchange for a controlled substance or represents proceeds traceable to an exchange for a controlled substance in violation of 21 U.S.C. 801, *et. seq.*

## FACTS

7.    On or about June 5, 2018, at approximately 6:43 a.m., officers from the DEA Newark Airport Group/Task Force 3 ("DEA officers") were contacted by the Port Authority Police Department to respond to Security Checkpoint A1, Terminal C, of Newark Liberty International Airport located in Newark, New Jersey (hereinafter the "Airport") for a female passenger, later identified as, Simona S. Jagoo ("Jagoo") with large amounts of United States currency secreted inside her carry-on luggage.

8.    The DEA officers identified themselves to Jagoo, who agreed to speak with them.  Jagoo provided the DEA officers with her United States Passport.

9.    When asked where she was traveling to, Jagoo responded that she was traveling to Las Vegas, Nevada, then renting a car from Dollar Rental Car and driving to Beverly Hills to purchase a 2018 Ferrari.  Jagoo stated she did not have a hotel reservation.  DEA officers asked Jagoo who she was meeting in

Beverly Hills, California and Jagoo responded Manfried Von Imboir at O'Gara Beverly Hills. DEA officers asked where she was staying in Beverly Hills and Jagoo responded by saying she did not know yet.

10. Prior to DEA officers' arrival at Checkpoint A1, the Transportation Security Administration ("TSA") performed a secondary search of Jagoo's carry-on and found the U.S. currency hidden within a false compartment in her carry-on bag. The currency, referred to by TSA as an "artfully concealed," was hidden in the compartment that was not designed by the manufacturer and secured by approximately 10 screws. When Jagoo was asked about the mass she replied "it's only cash". This is a commonly used tactic by couriers to conceal currency and narcotics from law enforcement.

11. DEA officers pointed to the carry-on luggage and asked Jagoo if it belonged to her and Jagoo responded that it was hers. Jagoo was asked if she packed the carry-on luggage and she responded by saying she did. She was then asked why she concealed the U.S. currency within the carry-on. She stated that she always packs the currency in that manner to hide it, so it is not stolen.

12. DEA officers asked Jagoo where she got the U.S. currency from and Jagoo responded by saying that it was money that was paid to her company, Diamond Empire Productions, located at 455 Tarrytown Road, White Plains, New York (NY), for a show in May. Jagoo was asked if she had any business cards or proof of ownership of a company she stated "no". Jagoo was

asked if she had a copy of the contract between her company and the venue, Jagoo stated "no".

13.   Jagoo stated the U.S. Currency was never deposited or withdrawn from a bank.  DEA officers asked Jagoo what the currency was for, Jagoo stated "to purchase 2018 Ferrari in Beverly Hills from Manfried at O'Gara Beverly Hills".  Jagoo stated she owns Diamond Exotic Car Rental at 455 Tarrytown Road, White Plains, NY and that she owned the business for 2 years.

14.   Later in the investigation, DEA officers called O'Gara Beverly Hills 8833 West Olympic Boulevard, Beverly Hills, CA 90211 and spoke with Manfried Von Imbior who stated he did not have an appointment with Jagoo but was introduced to her by Robert Roberson approximately 2 months ago, but they conducted no business transactions.

15.   DEA officers asked how much currency Jagoo was carrying, Jagoo stated about $60,000. Jagoo gave DEA officers permission to check her personal items, which were not in the carry-on bag, where DEA officers found 5 additional bundles wrapped in Bank of America envelopes of U.S. Currency hidden in the pockets of Jagoo's clothing as well as approximately $4,000.00 in her wallet. Jagoo was asked again about the total amount and she stated $80,000.00 total with the U.S. Currency found within her clothing.

16.   Officers had also found multiple bank account numbers written in a notebook with passwords, various dates of birth and social security numbers. DEA officers asked Jagoo if she filed taxes for 2017 and Jagoo responded saying, she did file and claimed approximately $700,000.00.  DEA officers

5

asked how she made $700,000.00 yet lived in a public subsidized housing complex for low-income residents.  Jagoo stated it is not actual money it is just numbers. DEA officers asked Jagoo if she had bank accounts and Jagoo responded by saying she has a bank account with Chase and Bank of America. DEA officers asked Jagoo if the U.S. Currency came from her accounts and Jagoo responded by saying "no".  Jagoo stated she only exchanged bills at the bank from smaller denominations into $50 and $100 dollar bills.

17.    DEA officers attempted an internet search on both businesses Jagoo claimed ownership to that were connected to the U.S. Currency but neither appeared.  One business with the exact name Diamond Exotic Car Rental, appeared on the internet located in Miami, FL, but Jagoo stated her business is out of White Plains, NY.

18.    DEA officers also called Dollar car rental in Las Vegas and they denied any reservation for Simona S. Jagoo.

19.    An officer with the New Jersey Transit K-9 Unit at the Airport deployed his certified narcotics detection canine "Hemp" to inspect the currency from Jagoo's luggage.  Hemp signaled, through a distinctive set of behaviors, that he detected a controlled substance on the defendant currency.

20.    Hemp was certified in narcotics detection on December 10, 2010 in Monmouth County scent class.  The course of study for narcotic detection was an introduction for the K-9 to the target odor. This included the odor of marijuana, cocaine, heroin, ecstasy, and methamphetamine. Hemp proved to be reliable in locating these narcotic substances as a result of the intense

training received.  During the course of this training, Hemp and his handler,
Officer Joos performed more than 275 searches for the above listed substances.
Hemp displayed a positive indication on these searches, either by scratching or
biting at the source of the narcotics odor. Masking agents such as dog food,
liquid soap, bacon, saran wrap, parmesan cheese, coffee, duct tape, oil, car
scents, commonly used by narcotics traffickers, were used to distract the K-9.
The masking agents did not inhibit the K-9 from locating the narcotics odor or
from exhibiting a positive indication.  Subsequently, Hemp was trained to
detect the odor of a controlled dangerous substance on currency. Among other
things, Hemp was trained to distinguish between uncirculated currency and
currency that was recently commingled with one of the five controlled
substances Hemp is trained to detect.

21.    Since his certification in 2010, Hemp has completed recertification
evaluations which are administered four times per year, and narcotic training
weekly.  Prior to his deployment on June 15, 2018 to sniff the currency seized
from Jagoo luggage, Hemp had last been recertified on January 23, 2018. That
recertification was a result of successfully completing a narcotics detection
training course conducted by the Mercer County Sheriff department.  Hemp
received an additional recertification for narcotics detection on February 21,
2018, through the New Jersey State Police.

22.    After Hemp alerted that he detected a controlled substance on both
the defendant currency and the clear plastic bag, the U.S. currency was seized
by the DEA under the suspicion that it was proceeds from drug trafficking.  It

was subsequently determined that the U.S. currency seized from Jagoo's luggage totaled $119,950.00.

23.     The DEA initiated administrative forfeiture proceedings against the defendant property.  On or about October 17, 2018, Simona S. Jagoo, through counsel, filed an administrative claim with the DEA contesting the forfeiture of the defendant property.  The claim consisted of a "Certification" signed by Jagoo under penalty of perjury.  In the document, Jagoo stated that she was the owner of the defendant property, and that the defendant property was obtained lawfully through revenue of her owned businesses, Diamond Empire Production, Inc., and Diamond Enterprise.

## CLAIM FOR FORFEITURE

24.     The allegations contained in paragraphs 1 through 23 of this Verified Complaint for Forfeiture *In Rem* are realleged and incorporated herein as if set forth in full.

25.     Based on the facts set forth above, there is probable cause to believe that the defendant property was furnished or was intended to be furnished in exchange for a controlled substance or represents proceeds traceable to such an exchange or was used or intended to be used to facilitate any violation of Title II of the Controlled Substance Act, 21 U.S.C. § 801, *et seq.*, and is therefore forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

**WHEREFORE**, plaintiff requests that the Clerk of the Court issue a warrant for the arrest in rem and seizure of the defendant property; that notice

of this action be given to all persons who reasonably appear to be potential claimants in the defendant property; that the defendant property be forfeited and condemned to the United States of America; that plaintiff be awarded its costs and disbursements in this action; and that the Court award such other and further relief as it deems proper and just.

Dated: January 14, 2019

CRAIG CARPENITO
United States Attorney

*s/Jordan M. Anger*
By: JORDAN M. ANGER
Assistant United States Attorney

## VERIFICATION

| | |
|---|---|
| STATE OF NEW JERSEY | ) |
| COUNTY OF ESSEX | : ss.: |
| DISTRICT OF NEW JERSEY | ) |

I, Alexis M. Melendez, being duly sworn, deposes and says that he is a

Task Force Officer with the Drug Enforcement Administration; that he has read

the foregoing Verified Complaint; and that the statements contained therein are

true to the best of his knowledge, information, and belief.

The sources of deponent's information and the ground of his belief

include official records and files of the United States, information obtained

directly by the deponent, and information obtained by other law enforcement

officials and representatives during an investigation of alleged violations of

Title 18, United States Code.

Alexis M. Melendez
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me
this // day of January, 2019
at Newark, New Jersey

Jordan M. Anger
Attorney-at-Law of the State of New Jersey

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | $119,950.00 in United States Currency |

**(b)**   County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Jordan M. Anger, United States Attorney's Office, 970 Broad Street, 7th Fl., Newark, N.J. 07102; jordan.anger@usdoj.gov; 973-645-2829

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       Another District
       *(specify)*

☐ 6  Multidistrict
       Litigation -
       Transfer

☐ 8  Multidistrict
       Litigation -
       Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6)

Brief description of cause:
Forfeiture of property related to a controlled substances violation

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
01/14/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jordan M. Anger

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

 **(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

 **(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**     **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**     **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

2018V01132/JMA/fk
CRAIG CARPENITO
UNITED STATES ATTORNEY
BY:  JORDAN M. ANGER
ASSISTANT UNITED STATES ATTORNEYS
970 BROAD STREET, SUITE 700
NEWARK, NEW JERSEY 07102
TEL:  (973) 645-2740
Jordan.anger@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Hon.** |
| **Plaintiff,** | : | **Civil Action No. 19-** |
| **v.** | : | |
| **$119,950.00 IN UNITED STATES CURRENCY** | : | **WARRANT FOR ARREST *IN REM*** |

**Defendant *in rem.***

**TO ANY OFFICER OF THE UNITED STATES DEPARTMENT OF JUSTICE, THE DRUG ENFORCEMENT ADMINISTRATION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on January 14, 2019, in the United States District Court for the District of New Jersey, alleging that the defendant property, namely $119,950.00 in United States currency, is subject to seizure and forfeiture to the United States for the reasons set forth in the Complaint;

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States;

WHEREAS, in these circumstances, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal

Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be an agent with the United States Department of Justice or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose.

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *In Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.

Dated: _____          _____
                                Clerk of the Court


                         By: _____
                                Deputy Clerk

-2-